HATTIE HOWARD AND AMOS HOWARD, HER HUSBAND, v. MARSHALL FAISON, ADMINISTRATOR, ET AL.

(Filed 24 October, 1928.)

**Executors and Administrators — Actions — Evidence of Relationship of Heir.**

Upon the issue as to whether the plaintiff was the half sister of the intestate and therefore entitled to a distributive share of the estate, testimony of one, in a position to know, that the deceased and the father of the plaintiff affirmed and regarded themselves to be father and son, is competent evidence upon the issue.

CIVIL ACTION, before *Grady, J.,* at Spring Term, 1928, of PAMLICO.

*C. L. Daniels, R. O'Hara and Guion & Guion for plaintiff.*
*Z. V. Rawls, W. H. Lee and F. C. Brinson for defendant.*

BROGDEN, J. Lewis B. Williams, a negro preacher, died intestate in 1925. The defendant is his administrator. The deceased left a wife, but no children. The plaintiff, Hattie Howard, claims that she is a half sister of the deceased, and as such entitled to a distributive share of his estate.

The evidence tended to show that the father of the plaintiff was a slave named Israel Williams or Mullins, who, before the Civil War, had married a woman, presumably named Joanna. During the Civil War Israel was sold and the family separated. Thereafter Israel married "Mandy" and had by her one child named Hattie, who is the plaintiff in this action. Lewis Williams, the deceased, was preaching on one occasion at Bryant's Chapel in Jones County. During the course of his sermon he remarked "that he had never seen his father. His mother told him his father was sold during the Civil War." Thereupon Israel Williams, father of the plaintiff, who was in the congregation, asked the preacher, "What was your mother's name?" and the preacher replied, "Joanna." Israel then exclaimed, "I am your father."

An old negro man, 97 years of age, who was present, testified as follows: "The old man (Israel) kept looking at him (Lewis Williams), and when he found out he was his son they like to broke up the church. They run together so and kept a-hugging, and he (Israel) said that was his first wife's son."

The jury was doubtless impressed with the dramatic reunion of these simple souls. The issue submitted to the jury was: "Is Hattie Howard the half sister of Lewis Williams as alleged in the complaint?" This issue was answered in the affirmative. Exceptions were addressed to the judge's charge upon the theory that certain instructions given the jury constituted an expression of opinion upon the weight of the evidence, but an examination of the entire charge discloses that the case was fairly presented and correct principles of law applied. "Ancestry, relationship and descent are questions which are scarcely susceptible of proof except by what has been said about them by persons in a position to know, not so much the actual kinship one person bore to another, as the kinship which one person said he bore to another, or which one person was reputed to bear to another." *Rollins v. Wicker,* 154 N. C., 559, 70 S. E., 934.

There is one expression in the testimony which ought not to be lost from the literature of the world. An old negro testified that the plain-

tiff had contracted smallpox some years ago and that after that time "she was never so solid in her head." It does not appear how "solid" plaintiff was in her head before the ravages of the disease. At all events, while plaintiff might not have been "solid" in her head at the time of the trial, she was apparently "solid" with the jury.

Affirmed.